Argued October 6, accused reprimanded and placed on probation for one year December 9, 1976

# In re Complaint as to the Conduct of
# JOHN L. SNYDER, *Accused.*
## (OSB 1206, SC 24584)
559 P2d 1273

*Edward L. Clark, Jr.,* of Clark, Marsh & Lindauer, Salem, argued the cause and filed a brief for the accused.

*E. Clifton Ross,* McMinnville, argued the cause and filed a brief for Oregon State Bar.

PER CURIAM.

## PER CURIAM.

This is a disciplinary proceeding initiated against the accused by the Oregon State Bar. The charges arise out of the accused's handling of three estates and a guardianship.

From 1965 through 1968 the accused was a deputy district attorney for Polk County and also engaged in private practice. During that period the accused was the attorney for the estates of Fred Chapin and Alex Duval; for the guardianship of Bertha Palm; and was both the attorney and personal representative of the Walter Weygandt estate. On November 1, 1968, the accused was appointed district attorney for Polk County. Upon taking office, he became subject to the provisions of ORS 8.726, which prohibits a district attorney receiving a salary in excess of $10,000 per annum from engaging in private practice. However, the accused continued his representation of the above estates after his appointment and subsequent election as district attorney.

In November 1975, the Bar filed an amended complaint which charged the accused with several counts of misconduct. The first count relates to the Weygandt estate and charges that the accused "diverted to himself and distributed funds without court authorization" and that he failed to close that estate within a reasonable period of time. Other counts charge that the accused violated ORS 8.726 and ORS 8.790 by continuing the private practice of law and receiving payments from the Weygandt estate and the Palm guardianship after becoming district attorney. The accused was also charged with neglecting to file several necessary documents in the Chapin and Duval estates.

The Trial Board found that the accused failed to close the Weygandt estate within a reasonable period of time and that he was generally neglectful in the administration of that estate. It also found that the accused violated ORS 8.726 and ORS 8.790 by receiv-

[ 899 ]

ing attorney fees from the Weygandt estate and the Palm guardianship while serving as the Polk County district attorney. The Board further found that the accused neglected to file several necessary documents in the Chapin and Duval estates, but that his omissions with respect to the Duval estate were inadvertent. The Trial Board concluded that the accused should be publicly reprimanded for his "dilatory and neglectful conduct."

The Disciplinary Review Board reviewed the evidence and the findings of the Trial Board and reached essentially the same conclusions. However, in addition to a public reprimand, the Review Board also recommended that the accused be ordered to repay all fees paid to him after he became district attorney and that he be placed on probation for a period of one year.

The accused opened the Weygandt estate in 1967. The only assets in the estate were approximately $4,000 in a bank account, and a house and lot which were sold for $8,500. The house was in a dirty condition and eligible for only a nominal rental. The deceased left no lineal descendants, and his heirs consisted of some 30 nieces, nephews, grand-nieces and grand-nephews. The heirs were finally located in various places in Oregon, Idaho, Washington and California in mid-1968, and the property was sold through the estate in 1970. In 1973 the probate court summarily closed the estate. Later in 1973, the accused, apparently with the oral permission of the court, made a partial distribution to three of the heirs. It was not until March, 1976, well after the complaint in this case was filed, that the accused, as personal representative, filed his final accounting. The Trial Board, the Review Board, and the accused all agree that the estate should have been closed in 1971.

The final accounting which was filed showed that the accused, as personal representative and as attorney, had received approximately $5,200 in fees from the estate. Pioneer Trust Company, which had been

appointed personal representative to succeed the accused, filed objections to the final accounting challenging the failure of the accused to expeditiously probate the estate, which resulted in unnecessary bond premiums, and his failure to deposit assets of the estate in an interest-bearing account. The trust company also objected to the amount the accused claimed for attorney fees and personal representative fees. A hearing was held in the circuit court on the objections. The trial judge found that a reasonable fee for both personal representative and attorney fees was $3,500 and that the difference, $1,675, should be repaid by accused to the estate. The court also ordered the accused to repay $200 in bond premiums incurred after 1971 and charged him with $1,530.41 for the interest which would have been earned on the estate's assets if they had been placed in an interest-bearing account.

The Chapin estate was filed in 1966 in order to convey certain property which had been sold by Chapin before his death. It later developed that the deceased also owned two lots and a house in Falls City valued at $1,600. The house was run-down and unsalable. Two creditors, a mortuary and a hospital, refused to accept the property in lieu of their fees, and the property was foreclosed by the county for unpaid taxes. No funds were received by the estate, and because of the lack of assets, the accused apparently felt there was no reason to file an accounting. The probate judge testified that when an estate had no assets, all he required was a report showing no assets and an order closing the estate. The estate was closed in 1973, and the accused received no fees from the estate, either before or after becoming district attorney.

The accused also neglected to file a final accounting in the Duval estate. It appears from the evidence that the accounting had been prepared, but that the accused inadvertently failed to file it. He received no

[ 901 ]

fees in connection with his work on this estate after becoming district attorney. However, the record does indicate that the accused received a fee of $450 for his services in connection with the Palm guardianship after he became district attorney.

It is clear from the evidence that the accused violated ORS 8.726 by continuing to act as a private attorney and receiving payment for his work on the Weygandt estate and the Palm guardianship after he became district attorney. Whe the accused became district attorney he was entitled only to those fees earned prior to his appointment. *See In re Piper,* 271 Or 726, 534 P2d 159 (1975). The accused admits that he was aware of the statute, but he believed that he could continue as personal representative of the Weygandt estate and that it was permissible to close the estates that were pending at the time of his appointment and to accept payment for his services. The accused was in error, and the estates should have been turned over to other counsel for completion.

It is also clear that the delays involved in closing the Weygandt estate were extensive and were largely due to the accused's dilatory conduct. We fully realize the difficulties involved in an estate where the heirs are numerous and difficult to locate. However, all parties agree that any delay after 1971 was unjustified.

The Trial Board found that the accused did not acquire new private clients after becoming district attorney and, in fact, rejected offers of employment. The Board also found that the accused was not attempting to circumvent the provisions of ORS 8.726 for his own personal gain, but that he felt that it would be an unnecessary expense to the estates involved to turn them over to other counsel at that point.

We also agree with the Trial Board, the Review Board and the probate court that the fees which the accused charged to the Weygandt estate were excessive. At the disciplinary hearing, evidence of the

amount of a reasonable fee ranged from $1,000 to $4,000-$5,500. The court which heard the objections to the final accounting allowed the accused a fee of $3,500 and ordered him to reimburse the estate for the excess. The record indicates that the accused has already done so.

Apparently, the accused received all but $1,300 of his $3,500 allowable fee from the Weygandt estate after he became district attorney. Because of the accused's failure to keep time records, we cannot determine what, if any, portion of the balance of his $3,500 allowable fee was earned before ORS 8.726 became applicable. Therefore, it is our conclusion that because of the provisions of ORS 8.726, the accused must be required to repay all fees he received after November 1, 1968, and we hold that these fees are to be paid to the Weygandt estate. For the same reason, we believe that the accused should return to the Palm estate all the fees he received from the Palm guardianship after November 1, 1968. This will require the accused to remit $2,650, computed as follows:

| | |
|---|---|
| $ 3,875 | Received as fees after Nov. 1, 1968, from the Weygandt estate |
| − 1,675 | Previously repaid by accused to the Weygandt estate pursuant to court order |
| $ 2,200 | Balance |
| + 450 | Received from Palm guardianship |
| $ 2,650 | Total amount to be repaid |

Finally, we agree with the recommendation made by both the Trial Board and the Review Board that the accused be publicly reprimanded. We also concur in the recommendation made by the Review Board that the accused be placed on probation for a period of one year and that his repayment of $2,200 to the Weygandt estate and $450 to the Palm estate representing fees which he received while engaged in private practice after November 1, 1968, should be made a condition of his probation.[1]

---

[1] Interest will run from the date of this opinion until paid.

We mention also that we do not approve of payment of attorney fees without a court order and that both the attorney for the estate and the probate courts have an obligation to see that estates under probate are completed as expeditiously as possible.

Accused reprimanded and placed on probation for a period of one year.